IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CLARENCE HAWKINS, pro se, for Decedent Brother, Cleveland Hawkins, Plaintiff, v. S.O. WOODS, Chairman State Classification Committee Texas Department of Criminal Justice, Defendant. | § § § § § § § § § § § § § § | 2:11-CV-0153 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff CLARENCE HAWKINS, acting pro se and filing on behalf of his deceased brother, Cleveland Hawkins, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendant and has been granted permission to proceed in accordance with Title 28, United States Code, section 1915.

By his complaint, plaintiff claims his brother was kept in prison past his discharge date and failed to notify the records division in a timely manner, denying his brother his liberty and causing his death to occur while he was in prison.

Plaintiff requests an award of compensatory damages in an unspecified amount and punitive damages in the sum of "$5.5 Millions Dollars Tax Free" as well as costs and attorneys fees.

## JUDICIAL REVIEW

Title 28, United States Code, section 1915(e)(2) provides:

> [T]he court shall dismiss the case at any time if the court determines that--
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal--
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. 1915(e)(2). Thus, the very statute allowing plaintiff to proceed as a pauper also requires the Court to screen a pauper's complaint and dismiss it without service of process at any time the Court makes a determination of frivolousness, etc.

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

The attachments to plaintiff's complaint indicate plaintiff's brother died in August of 1996. All the acts or omissions on which plaintiff appears to base his claims occurred on or before that date.

Plaintiff filed his complaint on July 19, 2011. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

2

The two-year statute of limitations has expired, and plaintiff's claims arising from events in or before 1996 have expired with it. Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**CONCLUSION**

For the reasons set forth above, pursuant to Title 28, United States Code, section 1915(e)(2),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff CLARENCE HAWKINS, for Decedent Brother, Cleveland Hawkins, is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this _____ day of July, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE